■ In the Matter of the Claim of KAREN DOWNIE, Appellant. COMMISSIONER OF LABOR, Respondent. [726 NYS2d 587] —Appeal

from a decision of the Unemployment Insurance Appeal Board, filed May 13, 1999, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed as a home health aide until she resigned after seven months, stating that she was moving out of the area for personal reasons. She subsequently indicated, however, that she left her employment to move out of the area because she was a victim of domestic violence. The Unemployment Insurance Appeal Board, upon reconsideration, adhered to its prior decision holding that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause. This appeal ensued.*

We affirm. Based on the record before us, we find that substantial evidence supports the decision of the Board that claimant failed to substantiate her claim that she was a victim of domestic violence and, as such, her decision to leave her employment was for personal and noncompelling reasons (*see, Matter of Wilson [Commissioner of Labor]*, 269 AD2d 730; *Matter of Shubert [Commissioner of Labor]*, 253 AD2d 926).

Cardona, P. J., Crew III, Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.

* We note that the Board on its own motion reopened the May 13, 1999 decision and held a hearing at which claimant failed to appear. The Board then issued a decision filed August 18, 2000 which adhered to the prior decision. Thereafter, the Board, again on its own motion, reopened the August 18, 2000 decision and held a hearing at which claimant and the employer appeared and gave additional testimony. The Board then issued a decision filed October 10, 2000 which adhered to its prior decision. Inasmuch as claimant did *not* file a notice of appeal from either the August 2000 or October 2000 decisions, the Court's review is limited to the May 13, 1999 decision and evidence considered by the Board prior to that date.